## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 16-20960 (JJT) |
| | : | |
| | : | CHAPTER 7 |
| WALNUT HILL, INC., | : | |
| | : | |
| DEBTOR | : | |

### INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES BY COUNSEL TO TRUSTEE

Hurwitz Sagarin Slossberg & Knuff, LLC (the "Applicant") seeking interim compensation and reimbursement of expenses incurred as counsel to Bonnie C. Mangan, Chapter 7 Trustee for the Estate of Walnut Hill, Inc. (the "Trustee"), pursuant to 11 U.S.C. § 331, respectfully represents:

The Applicant is a professional limited liability company, which, *inter alia*, has a substantial commercial litigation and bankruptcy litigation practice. The services in this case were performed by Lawrence S. Grossman who has twenty-three (23) years of bankruptcy and commercial litigation experience and David C. Shufrin, who has five (5) years of experience as a commercial litigator and two (2) years of experience in bankruptcy.

The Trustee filed an application to retain the Applicant on September 28, 2016 (Dkt. 29, 42), and the Court approved the application on November 4, 2016 (Dkt. 50). The scope of Applicant's retention was limited to the investigation, preparation and prosecution of preference, fraudulent conveyance and other avoidance actions pursuant to which Applicant would be compensated as Special Counsel for the Trustee on a 1/3 contingency fee basis, plus reimbursement of costs and expenses.[1]  *Id.*

---

[1] On August 10, 2017, the Trustee filed an additional application seeking to expand the scope of Applicant's retention as special counsel to the Trustee (Dkt. 95), in order to allow Applicant to

No agreement or understanding exists between the Applicant and any other person for the sharing of compensation received or to be received for services rendered in or related to this matter. The Applicant will not, in any form, share or agree to share, compensation for services with any person or entity, nor will the Applicant share in the compensation of any other person or entity rendering services in this case, except as so provided by Bankruptcy Rule 2016.

## I. **INTRODUCTION**

1.      This Interim Application for Allowance of Compensation and Reimbursement of Expenses by Counsel to Trustee (the "Application"), is made for the period from November 4, 2016 through September 30, 2017 (the "Application Period"), during which time the Applicant represented the Trustee in her efforts to identify and recover avoidable transfers of the Debtor's property for the benefit of the Estate.

2.      While the Applicant is still engaged in the investigation of the Estate's potential claims under Chapter 5 of the Bankruptcy Code, the Applicant subpoenaed the Debtor's bank records from two financial institutions and reviewed various state court dockets which enabled the Applicant to commence an adversary proceeding to recover preferential and/or fraudulent

---

render services in a potential dispute between the Debtor's Estate and entities that were the successors to the Debtor concerning an excess worker's compensation premium refund. The Court approved the application to expand the scope of retention on September 14, 2017, and entered an Order approving the expanded scope of retention the next day (Dkt. 115). For services rendered concerning the worker's compensation premium dispute, the Applicant is to be paid on an hourly basis (Attorney Grossman at $400.00/hr. and Attorney Shufrin at $325.00/hr), and reimbursed for expenses incurred. **This fee application, though, concerns fees related to the Applicant's investigation, preparation and prosecution of preference, fraudulent conveyance and other avoidance actions,** *only*. The Applicant is not seeking allowance or payment of any fees or expenses related to its representation of the Trustee in matters concerning worker's compensation premium dispute as part of this application.

2

transfers of the Debtor's property made to or for the benefit of the defendant Value Health Care Services, LLC ("Value Health") and State Marshal Scott M. Kraimer ("State Marshal Kraimer"), *Mangan v. Value Health Care Services, LLC*, Adv. Pro. No. 17-02027) (the "Adversary Proceeding").

3. The Applicant uncovered irrefutable evidence that Value Health had: (a) procured a state court judgment against the Debtor in an amount larger than it was entitled to obtain according to a stipulation to judgment entered into between Value Health and the Debtor, and (b) received a transfer of the Debtor's funds, in the amount of **$598,172.92,** within 90 days of the Petition Date.

4. When confronted with this evidence, Value Health agreed to disgorge all of the money that it had received pursuant to a levy of execution served on the Debtor's bank by State Marshal Kraimer and, in turn, receive a claim against the Estate in a lesser and proper amount. As a result, when this Court entered an Order approving the Estate's settlement with Value Health, the Estate received **$598,172.92** from Value Health, which amount represents 100% of the Debtor's funds that were received by Value Health during the preference period.

5. In accordance with the Order of the Court approving the Application to Employ Counsel (Dkt. 50) entered by this Court on November 4, 2016, this Application seeks compensation based on one-third of the recovery, plus reimbursement of costs and expenses.

6. Appended hereto as **Exhibit A** are the daily time records for the Applicant's services performed during the Application Period. These time entries were maintained in six-minute intervals and were recorded contemporaneously by the attorneys employed by the Applicant.

7. As required by the Official Guidelines of the Office of the United States Trustee, below is a summary of the time expended during the Application Period, including, but not limited to, the Adversary Proceeding litigation.

## II. SUMMARY

8. The Applicant has procured Orders allowing for Fed. Bankr. R. P. 9019 examinations of persons and/or entities reasonably likely to have documents or knowledge concerning the Debtor's prepetition financial records and condition. The Applicant has served subpoenas in accordance with these examinations; conducted a Rule 2004 examination; reviewed voluminous documentation furnished from another proposed Rule 2004 deponent; and, because the Debtor operated a long-term care and rehabilitation center and maintained "protected health information," as that term is defined in the Code of Federal Regulations ("CFR"), 45 C.F.R. § 160.103, procured a protective order allowing for the complete production of documents to the Trustee.

9. After conferring with the Trustee's accountants, Bederson LLP, the Applicant issued subpoenas to both banks used by the Debtor, and pursued one of the banks for further subpoena compliance in order to obtain evidence of the involuntary transfer of the Debtor's property that resulted from a levy of execution.

10. The Applicant then reviewed pleadings available on the electronic docket of the Superior Court for the State of Connecticut and retrieved other pleadings directly from the Superior Court, all in preparation for commencing the Adversary Proceeding.

11. In regards to the Adversary Proceeding, the Applicant drafted and served the adversary complaint, negotiated the terms of a settlement between Value Health and the Estate such that Value Health disgorged 100% of the preferential payment it received and obtained an

allowed claim against the Estate in an amount less than the disgorged transfer. The Applicant then drafted a motion and proposed Order concerning the settlement with Value Health, which was approved by this Court on August 18, 2017. In addition, the Applicant has vigorously pursued State Marshal Kraimer in order to recover an avoidable transfer received by him within 90 days of the Petition Date.

### III.  APPLICATION REQUEST

12.   This Application seeks compensation for services from November 4, 2016 through September 30, 2017. Although the Order concerning Applicant's retention to investigate, commence and prosecute Chapter 5 claims calls for compensation to be paid on a one-third contingency fee basis, the Applicant has attached contemporaneous time records concerning its efforts on behalf of the Trustee during the Fee Period. Each entry indicates the name of the attorney working on the matter, the time spent working on the particular issue, and the nature of the work performed. As appears from Exhibit A, the Applicant has expended a total of 129.9 hours during the Application Period in the performance of the Applicant's duties as counsel to the Trustee.

13.   In accordance with the Court's Order Approving Applicant's retention (Dkt. 50), Applicant is entitled to one-third of the amount recovered. It is respectfully submitted that the amount being requested by Applicant is reasonable under the circumstances.

14.   As appears from Exhibit A, the Applicant advanced the costs for on-line research, PACER electronic record access, the service of a subpoena and deposition transcript fees totaling $581.28. Accordingly, Applicant requests reimbursement of these costs totaling $581.28 made during the Application Period.

15. The Applicant submits that all time spent during the Application Period was necessary and in the best interest of the Estate. The Applicant has shared this Interim Application for Allowance of Compensation and Reimbursement of Expenses with the Trustee, who has in turn approved of its submission to the Court.

**WHEREFORE**, it is respectfully requested that the Court authorize and allow the Applicant a final award of compensation for services rendered to the Trustee during the Application Period in the sum of $199,390.97 in fees to be paid as one-third of the payments received by the Trustee pursuant to the Settlement upon the Court's approval of this Interim Fee Application, and $581.28 in expenses for a total award of $199,972.25, and grant the Applicant such further relief as the Court deems just and proper.

Dated this 31st day of October, 2017 at Milford, Connecticut.

THE APPLICANT
HURWITZ SAGARIN SLOSSBERG
& KNUFF, LLC

By: /s/ Lawrence S. Grossman
Lawrence S. Grossman [ct15790]
David C. Shufrin [ct29230]
HURWITZ, SAGARIN, SLOSSBERG & KNUFF, LLC
147 North Broad Street
Milford, CT 06460
Tel: 203-877-8000/Fax: 203-878-9800
LGrossman@hssklaw.com
DShufrin@hssklaw.com