**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE No. | 16-20960 (JJT) |
| | ) | | |
| WALNUT HILL, INC., | ) | CHAPTER | 7 |
| DEBTOR. | ) | | |
| | ) | Re: ECF No. | 195, 210, 211, 212 |
| | ) | | |

**MEMORANDUM OF DECISION ON THE TRUSTEE'S MOTION FOR EXTENSION OF DEADLINE TO FILE AVOIDANCE ACTIONS GOVERNED BY 11 U.S.C. § 546(a)**

Pending before the Court is the Motion for Extension of Deadline to File Avoidance Actions Governed by 11 U.S.C. § 546(a) ("Motion") (ECF No. 195) filed by the Chapter 7 Trustee ("Trustee") and the corresponding Objections filed by APEX Healthcare Partners, LLC (ECF No. 210), Annemarie Griggs (ECF No. 211), and Grand Street Nursing, LLC (ECF No. 212). For the reasons set forth below, the Court denies the Motion.

I. DISCUSSION

The Court must decide whether Rule 9006(b) of the Federal Rules of Bankruptcy Procedure applies to 11 U.S.C. § 546(a), providing the bankruptcy court with the authority to enlarge the Section 546(a) deadline for commencing avoidance actions. If Rule 9006(b) does not apply, then the Court must determine whether the doctrine of equitable tolling can be properly invoked before an adversary proceeding has been commenced. The Trustee has proffered facts to show cause for an extension under Rule 9006(b). In this instance, however, the Court can rule on the Motion as a matter of law before the questions of fact are resolved.

*a. Application of Rule 9006(b) to 11 U.S.C. § 546(a)*

Section 546(a) of the U.S. Bankruptcy Code provides a two-year limitation to exercise avoidance powers. The Trustee has asked the Court to extend the statutory limitation by applying Rule 9006(b) of the Bankruptcy Rules to Section 546(a). Rule 9006(b) allows for enlargement of extension of certain deadlines when cause is shown.

By its plain language, Rule 9006(b) only applies to deadlines set "by these rules or by a notice given thereunder[,] [*sic*] or by order of court". Nowhere in the Rule does it mention statutory deadlines.

This Court (Krechevsky, J.) has addressed this issue in the past and held that Rule 9006(b) does not "permit[] a court to extend a time limitation set by Congress in a statute". *In re Damach, Inc.*, 235 B.R. 727, 731 (Bankr. D. Conn. 1999). Instead, it "permit[s] modification only of time limitations imposed by other rules or by the court." *Id.* In *In re Colad Group, Inc.*, 324 B.R. 208, 225 (Bankr. W.D.N.Y. 2005), the court held that "Bankruptcy Rule 9006 allows an enlargement or reduction of many of the time limits in the Bankruptcy Rules. However, [S]ection 546(a) [*sic*] is a statute, not a rule." Consequently, the court held that it did not have the authority to act under Rule 9006 relative to statutory deadlines.[1]

While Judge Krechevsky, in dicta, in the *Matter of Sutera*, 157 B.R. 519, 523 (Bankr. D. Conn. 1993) also stated "that Congress intended that the Federal Rules of Bankruptcy Procedure be applicable in full, and without exception, to all provisions of the Bankruptcy Code", that decision only addressed the application of Rule 9006(a) to 11 U.S.C. § 546(a), *not* the reach of Rule 9006(b). Rule 9006(a) plainly provides that it applies to "*any statute* that does not specify a

---

[1] This Court rejects the notion that Rule 9006(b) would support an extension of time for the expiration of the statute of limitations premised upon the fact that the statute of limitations in Section 546(a) terminates two years after an <u>order</u> for relief.

2

method of computing time." (Emphasis added.) However, Rule 9006(b) is noticeably missing the same, or similar, language involving its application to a statute. This distinction is highlighted by the fact that Judge Krechevsky six years later held that Rule 9006(b) could not modify substantive deadlines established by Congress. *In re Damach, Inc.*, 235 B.R. at 731.

Lastly, Congress has dictated that the Bankruptcy Rules "shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075. Where the Rules and Code are inconsistent, the statutory Code controls. H.R. Rep. No. 95-595, pt. 1, at 449 (1977).

Rule 9006(b) cannot apply to Section 546(a) without violating the separation of powers preserved in the Constitution. Where the legislature has spoken authoritatively, it is not within the province of the judiciary to modify its determination. As Rule 9006(b) does not apply to Section 546(a), it is unnecessary for this Court to determine whether cause was shown for an extension of the statutory deadline.

### b. Equitable Tolling

The Trustee has also asked the Court to equitably toll the statute of limitations in Section 546(a) in conjunction with the request for a deadline extension under Rule 9006(b). These issues are separate and distinct.

Procedurally, the doctrine of equitable tolling is recognized as a response to a statute of limitations defense asserted in a pending litigation. *Long* v. *Abbott Mortg. Corp.*, 459 F. Supp. 108, 113 (D. Conn. 1978). The Trustee points to a case from the Eleventh Circuit Court of Appeals where the court held that Rule 9006(b) applies to all Federal Rules of Bankruptcy Procedure and seemingly relied upon Rule 9006(b) to justify its decision in enlarging the Section 546(a) deadline for starting avoidance actions. *In re Int'l Admin. Servs., Inc.*, 408 F.3d 689 (11th Cir. 2005). The Court rejects that conclusion. Upon closer examination, the holding of the Circuit Court relied

upon the doctrine of equitable tolling, which had been interposed after a statute of limitations defense was asserted in a pending adversary proceeding.

Section 546(a) is a statute of limitations, and like any statute of limitations, is subject to equitable tolling. *Id.* at 699. Where there was "fraud or extraordinary circumstances beyond the trustee's control, equitable tolling prevents the expiration of § 546(a)'s limitations period". *Id.*

All parties to this case acknowledge that an adversary proceeding has not been filed at this time. Pursuant to Section 546(a), the Trustee's statute of limitations for filing an adversary proceeding will expire on June 14, 2018, which has not yet come to pass. It is wholly premature and procedurally flawed to address equitable tolling outside the context of an evidentiary hearing on the facts and circumstances to be proven in the adversary proceeding against specific defendants, once a statute of limitations defense has been asserted.

## II.    CONCLUSION

The plain language of Rule 9006(b) prohibits this Court from enlarging the Section 546(a) statute of limitations. Additionally, reaching the issue of equitable tolling is premature and procedurally inappropriate at this time.

Accordingly, the Motion is denied, and the Objections are sustained consistent with this decision.

IT IS SO ORDERED in Hartford, Connecticut on this 1st day of June 2018.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

4