**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 16-20960 (JJT) |
| WALNUT HILL, INC., | CHAPTER 7 |
| DEBTOR. | OCTOBER 10, 2018 |

### AMENDED APPLICATION TO GREEN & SKLARZ, LLC, AS SPECIAL COUNSEL TO CHAPTER 7 TRUSTEE PURSUANT TO 11 U.S.C. § 327(a)

Bonnie C. Mangan, Chapter 7 trustee (the "Trustee") of the estate of Walnut Hill, Inc., (the "Debtor") hereby applies for an order authorizing the employment of Green & Sklarz, LLC ("G&S"), as her counsel (the "Application"). In support of this Application, the Trustee respectfully represents upon the information and belief as follows:

1. On June 14, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the U.S. Bankruptcy Code. The undersigned Trustee was appointed, duly qualified and is serving as Chapter 7 Trustee in this case.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is proper before this court pursuant to 28 U.S.C. §§1408 and 1409.

3. Pursuant to §327(a) of the Bankruptcy Code, the Trustee desires to employ and retain G&S, and Lawrence S. Grossman, Esq. ("Attorney Grossman"), specifically, as counsel to prosecute preference, fraudulent conveyance and other avoidance actions.

{00084937.2 }

4. Previously, on September 28, 2016, the Trustee filed an application to retain Attorney Grossman and his prior law firm, Hurwitz, Sagarin, Slossberg & Knuff, LLC ("HSSK") as her special counsel to investigate, commence and prosecute preference, fraudulent conveyance and other avoidance actions [ECF no. 29], which application was amended on October 26, 2016 [ECF no. 42].

5. On November 4. 2016, this Court granted the Trustee's application to retain HSSK [ECF no. 50].

6. Attorney Grossman left HSSK as of August 30, 2018 and is now a member of G&S. As such, the Trustee now applies to hire G&S in lieu of HSSK.

7. The Trustee shall continue to perform all usual and customary services rendered by a Chapter 7 trustee of a liquidating entity including, but not limited to, evaluating and, if necessary, preparing objections to, claims against the Debtor's estate, and issuing initial demand letters to persons and entities in possession of property of the estate or who otherwise may owe money to the Debtor's estate. However, the Trustee requires knowledgeable counsel to render the above-described essential professional services and would like to continue to utilize Attorney Grossman as her lead counsel in this bankruptcy case. Attorney Grossman has substantial bankruptcy experience representing debtors, creditors and trustees, and has prosecuted and defended numerous property avoidance and other recovery actions, and is well qualified to represent the Trustee in this case.

8. This application seeks authorization to compensate G&S on a one-third contingency fee basis, with payment to G&S calculated as one-third of the benefit to the Estate from G&S's efforts ("Value Recovered"). The Value Recovered shall be calculated as follows: (a) one-third of funds actually received by the Estate; *plus* (b) one-third of the "value" of the

Estate funds preserved due to waivers of claims by creditors and this "value" shall be calculated as follows: as to administrative claims and general unsecured claims waived, the greater of: (A) twenty-five percent (25%) of the amount of the claims waived by creditors or (B) the percentage distributed to administrative claim holders and general unsecured creditors by the Trustee pursuant to the Trustee's final report (or interim reports).

9. G&S and HSSK have agreed that: (a) the *total* contingency fee payable with respect to the prosecution of any Chapter 5 claim(s) shall never exceed one-third (1/3) of the amount recovered for the benefit of the Estate; (b) G&S will file fee applications concerning all matters concerning its ongoing representation of the Trustee. Fees collected by G&S shall be held, in escrow, by G&S until such time as G&S and HSSK agree, in writing, to an apportionment of any fees awarded and paid by the Estate.

10. Subject to the Court's approval, G&S will charge the estate in the Debtor's case a 1/3 contingency fee plus reimbursement of costs and expenses on all actions commenced under Chapter 5 of the Bankruptcy Code. G&S will maintain detailed records of any actual and necessary or appropriate costs and expenses incurred in connection with the aforementioned legal services.

11. To the best of the Trustee's knowledge, information and belief, G&S has no connection with the Debtor, its creditors or any other party in interest, and is "disinterested person" as such term is defined in the Bankruptcy Code.

12. To the best of the Trustee's knowledge, information and belief, G&S represents no interest adverse to the Debtor's estate. The Trustee submits that the employment of G&S would be in the best interests of the Debtor's estate and its creditors. An affidavit executed on behalf of G&S in accordance with the provisions of §327 of the Bankruptcy Code, Rule 2014 of the Federal

Rules of Bankruptcy Procedures and Local Rule of Bankruptcy Procedure 2014-1 is attached hereto and is incorporated herein by reference.

13. G&S has a professional liability insurance policy through CNA, with limits of $5,000,000.00 each occurrence and $5,000,000.00 general aggregate. The Trustee has been provided with a copy of the declarations of said insurance and said insurance will remain in force during the firm's retention.

14. G&S intends to apply to the Court for compensation for services rendered and reimbursement of expenses incurred post-petition in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Procedure and the guidelines of the office of the United States Trustee.

15. No previous application for the relief requested herein has been made in this case.

WHEREFORE, the Trustee respectfully requests for entry of an order authorizing it to employ G&S in this case, and for such other and further relief as to this Court shall deem just and proper.

Dated this 10th day of October, 2018 at South Windsor, Connecticut.

        CHAPTER 7 TRUSTEE FOR THE ESTATE OF THE
        CENTRAL CONNECTICUT COOPERATIVE
        FARMERS ASSOCIATION

By:/s/ Bonnie C. Mangan
    Bonnie C. Mangan, Chapter 7 Trustee
    The Law Office of Bonnie C. Mangan, P.C.
    Westview Office Park
    1050 Sullivan Avenue, A3
    South Windsor, Connecticut 06074  860-
    Phone: 644-4204
    Fax: 860-644-4934
    Email: bonnie.mangan@manganlaw.com