## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

IN RE:                                                        CASE NO. 16-20960 (JJT)


WALNUT HILL, INC.,                                            CHAPTER 7

   DEBTOR.


## (AMENDED) ORDER AUTHORIZING APPOINTMENT OF COUNSEL

Upon the *Amended Application to Retain Green & Sklarz, LLC, as Special Counsel to Chapter 7 Trustee Pursuant to 11 U.S.C. § 327(a)* (hereinafter, the "Application"), filed by the duly appointed Chapter 7 Trustee for the above-captioned bankruptcy case, Bonnie C. Mangan (hereafter the "Trustee"), seeking authorization to employ Green & Sklarz, LLC ("G&S"), as counsel for the Trustee of this estate, all as set forth in the Application, and the Court being satisfied that, (i) pursuant to Title 11, United States Code, Section 327(a), neither G&S nor Lawrence S. Grossman, Esq., who is expected to act as primary counsel to the Trustee, nor any other attorney at G&S, holds or represents an interest adverse to the estate, and that they are disinterested in the matters upon which they are to be engaged, and (ii) pursuant to Section 327(a) said employment is in the best interest of the estate, and it is hereby

**ORDERED** that, pursuant to Section 327(a), the Application is APPROVED and that the Trustee is authorized to retain G&S as her Special Counsel; and it is further

**ORDERED** that payment of compensation to G&S as Special Counsel for the Trustee with respect to the investigation, preparation and prosecution of preference, fraudulent conveyance and other actions shall be equal to 1/3 of the "value" received by the

Estate as a result of G&S's efforts, plus reimbursement of costs and expenses; and it is further

**ORDERED**, that as of the effective date of this Order, G&S shall represent the Trustee, and in calculating the compensation of G&S on a one-third contingency fee basis, payment to G&S shall be calculated as one-third of the benefit to the Estate from G&S's efforts ("Value Recovered"), Value Recovered shall be calculated as follows: (a) one-third of funds actually received by the Estate; plus (b) one-third of the "value" of the Estate funds preserved due to waivers of claims by creditors and this "value" shall be calculated as follows: as to administrative claims and general unsecured claims waived, the greater of: (A) twenty-five percent (25%) of the amount of the claims waived by creditors or (B) the percentage distributed to administrative claim holders and general unsecured creditors by the Trustee pursuant to the Trustee's final report (or interim reports); and it is further

**ORDERED**, that the *total* contingency fee payable with respect to the prosecution of any Chapter 5 claim(s) shall never exceed one-third (1/3) of the value received for the benefit of the Estate and any fees collected by G&S shall be held, in escrow, by G&S until such time as G&S and HSSK agree, in writing, to an apportionment of any fees awarded and paid by the Estate; and it is further

**ORDERED** that the Trustee shall be authorized to execute any documents that are required to effectuate the retention of G&S; and it is further

**ORDERED** that the allowance and payment or reasonable compensation and reimbursement for actual, necessary expenses shall be the subject of further orders of the Court pursuant to 11 U.S.C. §§ 330(a) and 331 after notice and hearing upon proper application.