**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| ) | CASE NO. 16-20960 (JJT) |
| WALNUT HILL, INC., ) | |
| ) | |
| DEBTOR. ) | |
| ) | |
| BONNIE C. MANGAN, Chapter 7 Trustee for ) | |
| WALNUT HILL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | RE: ECF No. 314 |
| ) | |
| RICHARD PLATSCHEK, SOLOMON ABRAMCZYK, ) | |
| BENJAMIN LANDA, WALNUT HILL ) | |
| MANAGEMENT COMPANY, LLC, TYTY, LLC, and ) | |
| PEARL STAFFING, LLC ) | |
| ) | |
| Defendants. ) | |
| BONNIE C. MANGAN, Chapter 7 Trustee for ) | |
| WALNUT HILL INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| AMERICAN EXPRESS COMPANY, et al., ) | |
| Defendants. ) | |

**ORDER GRANTING MOTION TO APPROVE SETTLEMENT AGREEMENT BETWEEN BONNIE C. MANGAN, CHAPTER 7 TRUSTEE FOR WALNUT HILL, INC., AND DEFENDANTS RICHARD PLATSCHEK, SOLOMON ABRAMCZYK, BENJAMIN LANDA, WALNUT HILL MANAGEMENT COMPANY, LLC, TYTY, LLC, PEARL STAFFING, LLC, AMERICAN EXPRESS COMPANY, AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., AMERICAN EXPRESS NATIONAL BANK F/K/A AMERICAN EXPRESS CENTURION BANK AND SUCCESSOR BY MERGER TO AMERICAN EXPRESS**

**BANK, FSB, ALEXANDER PLATSCHEK, GOLDIE PLATSCHEK
AND DAVID ROSNER
RESOLVING ADVERSARY PROCEEDING NOS. 18-02025 AND 18-02026**

Upon the *Motion To Approve Settlement Agreement Between Bonnie C. Mangan, Chapter 7 Trustee For Walnut Hill, Inc., and Defendants Richard Platschek, Solomon Abramczyk, Benjamin Landa, Walnut Hill Management Company, LLC, TYTY, LLC, Pearl Staffing, LLC, American Express Company, American Express Travel Related Services Company, Inc., American Express National Bank f/k/a American Express Centurion Bank And Successor By Merger To American Express Bank, FSB, Alexander Platschek, Goldie Platschek And David Rosner Resolving Adversary Proceedings No. 18-02025 And 18-02026* (the "Motion"), seeking approval of the terms of the agreement (the "Agreement") by and between Bonnie C. Mangan, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Walnut Hill, Inc. (the "Debtor"), on the one hand, and the aforementioned defendants, and due and adequate notice having been made, and upon further consideration by the Court, it is hereby:

**ORDERED** that, the Motion is hereby granted; and it is further

**ORDERED** that, all capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion and/or the Agreement; and it is further

**ORDERED** that the Trustee shall retain settlement funds, in the amount of $105,000.00, paid by American Express Company, American Express Travel Related Services Company, Inc., American Express National Bank f/k/a American Express Centurion Bank And Successor By Merger To American Express Bank, FSB and David Rosner (the "AMEX Defendants") concerning transfer(s) of property of the Debtor as alleged in the AMEX Adversary Proceeding, 18-2026; and it is further

**ORDERED** that the Trustee shall retain settlement funds, in the amount of $175,000.00 (the "WHMC Settlement Amount"), paid by Richard Platschek, Solomon Abramczyk, Benjamin Landa, Walnut Hill Management Company, LLC, TYTY, LLC, Pearl Staffing, LLC, Alexander Platschek, and Goldie Platschek (collectively, the "WHMC Defendants") concerning transfer(s) of property of the Debtor as alleged in the WHMC Adversary Proceeding no. 18-2025 and the AMEX Adversary Proceeding no.18-2026 ; and it is further

**ORDERED** that, the WHMC Settlement Amount shall be paid in three (3) installments, payable as follows: (1) the first payment, in the amount of $75,000.00 shall have been paid prior to the hearing on the Motion, and the Trustee is hereby authorized to retain said payment; (ii) the second installment (the "Second Installment"), in the amount of $50,000.00 shall be delivered to the Trustee by no later than June 1, 2020, and (iii) the third installment (the "Third Installment"), in the amount of $50,000.00, shall be delivered to the Trustee by no later than July 1, 2020; and it is further

**ORDERED** that, in the event that any installment payment is not received by the Trustee on a timely basis, *time being of the essence*, and the WHMC Defendants fail to cure the default in their payment obligations on or before the expiration of ten (10) business days from the date the Trustee or her counsel send notice of a default to the WHMC Defendants' counsel via email, the Trustee or her counsel may file an affidavit of nonpayment and judgment shall enter against each and every one of the WHMC Defendants, jointly and severally, and in favor of the Trustee – in the amount of $275,000.00, less any amounts received by the Trustee hereunder prior to the filing of the affidavit – after ten (10) business days of the filing said affidavit, unless the WHMC Defendants file with the Bankruptcy Court evidence that the required monthly payment was, in fact, timely paid.

**ORDERED** that, effective upon full payment of the AMEX Settlement Amount in good and immediately available funds, the AMEX Defendants and the Trustee, acting on behalf of the Estate of Walnut Hill, Inc., hereby release each other of any and all claims that were asserted or could have been asserted in the above-captioned adversary proceedings, including any potential claim under 11 U.S.C. § 502(h); and it is further

**ORDERED** that, effective upon full payment of the WHMC Settlement Amount in good and immediately available funds, each of the WHMC Defendants who have signed the Settlement Agreement and the Trustee, acting on behalf of the Estate of Walnut Hill, Inc., hereby release each other of any and all claims that were asserted or could have been asserted in the above-captioned adversary proceedings, including any potential claim under 11 U.S.C. § 502(h); and it is further

**ORDERED** that, effective upon entry of this Order, and the full payment of the WHMC Settlement Amount in good and irreversible funds, the WHMC Adversary Proceeding, Adv. Pro. 18-2025, shall be deemed dismissed, with prejudice, with each party to bear its own costs; and it is further

**ORDERED** that, on or after ninety-one (91) days after the final installment of the WHMC Settlement Amount has been paid in good and irreversible funds, the parties to the WHMC Adversary Proceeding shall file a stipulation of dismissal, with prejudice, with each party to bear its own costs;

**ORDERED** that, effective upon entry of this Order, and the full payment of the AMEX Settlement Amount in good and irreversible funds, the AMEX Adversary Proceeding, Adv. Pro. 18-2026, shall be deemed dismissed, with prejudice, with each party to bear its own costs; and it is further

**ORDERED** that, on or after ninety-one (91) days after the AMEX Settlement Amount has been paid in good and irreversible funds, the parties to the AMEX Adversary Proceeding shall file a stipulation of dismissal, with prejudice, with each party to bear its own costs;

**ORDERED** that the United States Bankruptcy Court for the District of Connecticut shall retain jurisdiction to enforce the Settlement, notwithstanding the closure or dismissal of the Walnut Hill, Inc.'s bankruptcy case.

Dated at Hartford, Connecticut this 3rd day of June, 2020.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut